**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Sean Edward McClain-Douglas,<br><br>  Plaintiff,<br><br>v.<br><br>Autovest LLC, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-01576-APG-BNW<br><br>**SCREENING ORDER** |

Presently before the Court is *pro se* Plaintiff Sean Edward McClain-Douglas's Amended Complaint[1] filed under 42 U.S.C. § 1983. ECF No. 5.

**I.      Screening the Complaint**

   **A.      Background**

Plaintiff brings this claim alleging that Autovest LLC filed an unfounded complaint in state court in attempt to recover a debt. Plaintiff filed a counterclaim. As a result of Plaintiff's counterclaim, Autovest withdrew the complaint. He alleges that his Fifth and Fourteenth Amendment rights were violated and that §§ 652 of A-E principal was also violated. Plaintiff now brings claims under 42 U.S.C. § 1983 against Defendants Autovest LLC, Olivia Gamble, Lawgistic Partners Ecf, Whitney C. Wilcher, and Lippman Recupero.

Specifically, Plaintiff alleges that Autovest violated his constitutional rights by filing and then withdrawing the false claim. He also alleges Autovest invaded his right of privacy by obtaining identifying personal information. In addition, he alleges that Olivia Gamble, a private investigator, violated his constitutional rights by providing "private property" to Autovest. Also, Plaintiff alleges that Lawgistic Partners LLC. violated his constitutional rights by making available his "property" to Autovest. In this same vein, he alleges that Whitney Wilcher, an

---

[1] Plaintiff filed an initial complaint on August 25, 2021. *See* ECF No. 1-1. He then filed an amended complaint on January 21, 2022 before the Court had the opportunity to screen the initial complaint. *See* ECF No. 5.

attorney, violated his constitutional rights by making public the false complaint filed by Autovest. Lastly, he alleges that Lippman Recupero, which appears to be a national litigation and debt recovery business, violated his constitutional rights by authorizing the filing of the false claim.

### B.     Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### C.     Analysis

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties or private businesses are not acting under color of state law for § 1983 purposes. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008). To state a claim against a private party under § 1983, a plaintiff must allege the private party "is a willful participant in joint action with the State or its agents." *Id.* at 900 (quotation omitted). A private party's conduct "constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotation omitted). For instance, a private party's actions may constitute state action if the private party is controlled by a state agency, delegated a public function by the state, involved with governmental policies, or if the state manages or controls the private party. *Id.* A bare allegation of joint action is insufficient to state a claim against a private party under § 1983. *Dietrich*, 548 F.3d at 900.

Here, Plaintiff brings § 1983 claims against private parties. Plaintiff does not allege that Defendants are in joint action with the state, were delegated a public function by the state, that are involved in governmental policy, or that they are otherwise managed or controlled by the state. The Court, therefore, finds that Plaintiff fails to state a claim against Defendants under § 1983 and will dismiss his complaint but with leave to amend. Plaintiff is advised that if he wishes to amend, he must ensure that the facts he alleges are such that they will comply with the analysis in this Order.

If Plaintiff chooses to file a second amended complaint, he is advised that all defendants must be identified in the caption of the pleading and that he must specify which claims he is

alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant. Specifically, Plaintiff must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff further is advised that if he files a second amended complaint, the first amended complaint no longer serves any function in this case. As such, if Plaintiff files a second amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The Court cannot refer to a prior pleading or to other documents to make Plaintiff's second amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (ECF No. 5) is DISMISSED without prejudice for failure to state a claim but with leave to amend. Plaintiff's deadline for filing his second amended complaint is **April 15, 2022**. Plaintiff is advised that failure to file a second amended complaint by that deadline will result in a recommendation that his case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court must send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the first amended complaint at ECF No. 5.

DATED: February 24, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE